IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO. 1:99-cr-00069-MP-AK

CHRISTIAN WESNER,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 248, Motion to Vacate under 28 U.S.C. § 2255, by Christian Wesner.  On March 2, 2000, Defendant was convicted by a jury of one count of conspiracy to possess with intent to distribute crack cocaine and three counts of possession with intent to distribute crack cocaine.  Doc. 100.  He was sentenced on October 30, 2001, to a term of 188 months imprisonment on each count to run concurrently.  Docs. 157 & 159.  Defendant appealed his sentence, which was affirmed.  Doc. 195.

On this occasion, Defendant maintains that his Fifth and Sixth Amendment rights have been violated pursuant to *Blakely* and *Booker* .  Doc. 248.

Following its decision in *Blakely*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well.  *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2204).  However, the Eleventh Circuit has determined that *Booker* is not

retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *see also In re Anderson*, 396 F.3d 1336 (11th Cir. 2005).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Doc. 248, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 4th day of January, 2006.

> s/A. Kornblum
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**